UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
AT TACOMA

| | |
|---|---|
| PEGGY A. MOXLEY,<br><br>Plaintiff,<br><br>v.<br><br>KINDRED NURSING CENTERS WEST, LLC, d/b/a KINDRED TRANSITIONAL CARE AND REHABILITATION CENTER-VANCOUVER,<br><br>Defendant. | CASE NO. C13-5697 BHS<br><br>ORDER GRANTING IN PART AND DENYING IN PART DEFENDANT'S MOTION TO STAY PROCEEDINGS AND COMPEL ARBITRATION |

This matter comes before the Court on Defendant Kindred Nursing Centers West, LLC, d/b/a Kindred Transitional Care and Rehabilitation Center-Vancouver's ("Kindred") motion to stay proceedings and compel alternative dispute resolution (Dkt. 12). The Court has considered the pleadings filed in support of and in opposition to the motion and the remainder of the file and hereby grants in part and denies in part the motion for the reasons stated herein.

# I. PROCEDURAL HISTORY

On July 18, 2013, Plaintiff Peggy Moxley ("Moxley") filed a complaint against Kindred in Clark County Superior Court for the State of Washington. Dkt. 1, ¶ 1. Moxley asserts causes of action for negligence and a violation of Washington's Abuse of Vulnerable Adults Act ("AVA"), RCW Chapter 74.34. *Id*. Exh. 2.

On August 15, 2013, Kindred removed the matter to this Court. Dkt. 1.

On November 14, 2013, Kindred filed a motion to stay proceedings and compel alternative dispute resolution ("ADR"). Dkt. 12. On November 27, 2013, Moxley responded. Dkt. 16. On December 6, 2013, Kindred replied. Dkt. 19.

# II. FACTUAL BACKGROUND

On May 7. 2002, Moxley and her mother, Beulah Geary, entered into a durable power of attorney wherein Mrs. Geary designated and appointed Moxley to act as Mrs. Geary's attorney-in-fact. Dkt. 18, Declaration of Peggy Moxley ("Moxley Dec."), Exh. 1 ("POA"). With regard to Mrs. Geary's health care, the POA provides as follows:

> The attorney-in-fact shall have the absolute and unqualified right to provide and direct health care for the principal if the principal becomes incompetent in the opinion of his or her attending physician including the authority to give and withhold consent for medical treatment and to direct living placement.

*Id*.

On November 4, 2011, Mrs. Geary was admitted to Kindred's facility. Moxley claims that Kindred's staff presented her with a pile of documents and directed her where to sign. Moxley Dec., ¶ 3. Moxley also claims that Kindred's staff did not explain the contents of the documents or that she was signing a waiver of the right to a jury trial. *Id*.

¶ 4. Finally, Moxley declares that she was never given a copy of the admission documents or the ADR document that Kindred seeks to enforce. *Id*. ¶ 5.

While Moxley disputes that she signed the ADR agreement, the document provides that all disputes are subject to mediation and arbitration. Specifically, the ADR agreement states:

> **THE PARTIES UNDERSTAND, ACKNOWLEDGE, AND AGREE THAT BY ENTERING INTO THIS AGREEMENT THEY ARE GIVING UP THEIR CONSTITUTIONAL RIGHT TO HAVE THEIR DISPUTES DECIDED BY A COURT OF LAW OR TO APPEAL ANY DECISION OR AWARD OF DAMAGES RESULTING FROM THE ADA PROCESS EXCEPT AS PROVIDED HEREIN.**

Dkt. 13, Declaration of Tammie Longpre, Exh. E.

## III. DISCUSSION

Moxley advances three reasons why the Court should not enforce the contract and, in the alternative, requests limited discovery on the issue of enforceability. Dkt. 16.

**A. POA**

Moxley argues that the POA did not authorize her to waive Mrs. Geary's right to a trial. Dkt. 16 at 5–6. This argument is without merit because there is no plausible explanation for the fact that Moxley could sign every other document on behalf of Mrs. Geary except for the ADR agreement. In fact, the POA states that Moxley has the power "to do any act and to transact any and all kind of business of very kind and description . . . ." POA at 1. It would be nonsensical to find that entering an agreement to arbitrate and waiving Mrs. Geary's right to a jury trial falls outside of such a broad grant of powers.

Therefore, the Court finds that Moxley possessed the power to sign the POA on behalf of Mrs. Geary.

**B.      Unconscionable**

Moxley argues that the agreement is both procedurally and substantively unconscionable. Dkt. 16 at 6–8.

   **1.      Procedural**

A contract is procedurally unconscionable if there is a lack of meaningful choice. *Adler v. Fred Lind Nanor*, 153 Wn.2d 331, 345 (2004). The court is to look at the circumstances surrounding the transaction to determine if there was a meaningful choice. *Id*. at 347. The party signing the contract must have a reasonable opportunity to understand the terms of the contract. *Id*.

In this case, Moxley has failed to show that she lacked a meaningful choice. The ADR agreement was neither a prerequisite for admission to Kindred nor a condition of residence at Kindred. Moreover, there is no evidence in the record that Moxley did not have a reasonable opportunity to understand the terms of the contract. Although she claims that she was given a stack of documents and told to sign them, Kindred shall not be held responsible for Moxley's failure to read or fully comprehend what she signed. Therefore, Moxley has failed to show that the ADR contract was procedurally unconscionable.

   **2.      Substantive**

Substantive unconscionability exists where a contract is one-sided or harsh. *Adler*, 153 Wn.2d at 344. In this case, Moxley argues that the contract is substantively

unconscionable because the rules of arbitration are one-sided and arbitration deprives Moxley of some of her rights of recovery. Dkt. 16 at 7–8. With regard to the latter, Moxley's argument is without merit because the ADR agreement expressly provides for the recovery of attorney's fees and costs. With regard to the former, the Court finds that the rules of arbitration regarding discovery are not unduly harsh. Although Moxley claims prejudice with the specific limits of discovery, she has failed to show that she would be unable to gather adequate information or prepare her particular case within those limits. Therefore, the Court finds that the ADR agreement is not substantively unconscionable.

**C.    Limited Discovery**

Moxley requests that, in the alternative to voiding the ADR agreement, the Court allow limited discovery on the issue of enforceability of the agreement. Based on the record, there is a question of fact whether Moxley signed the ADR agreement on November 23, 2013. Moxley declares that she signed documents only on November 4, 2011. Moxley Dec. ¶ 3. Kindred's employee, Tammie Longpre, declares that she is "absolutely certain" that she met with Moxley on November 23, 2011 and witnessed Moxley sign the ADR Agreement. Dkt. 21. Supplemental Declaration of Tammie Longpre, ¶ 3. These contrary statements create a question of fact on the issue of whether the ADR agreement is enforceable. Therefore, the Court grants limited discovery on the issue of enforceability. The parties shall meet and confer regarding this discovery and submit a proposed discovery plan for the Court. Meanwhile, the Court will not enter a full scheduling order pursuant to the parties' joint status report. Dkt. 22.

# IV. ORDER

Therefore, it is hereby **ORDERED** that Kindred's motion to stay proceedings and compel alternative dispute resolution (Dkt. 12) is **GRANTED in part** and **DENIED in part** as stated herein.

Dated this 24th day of December, 2013.

	BENJAMIN H. SETTLE
	United States District Judge