UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
AT TACOMA

| | |
|---|---|
| PEGGY A. MOXLEY,<br><br>          Plaintiff,<br><br>    v.<br><br>KINDRED NURSING CENTERS WEST, LLC, d/b/a KINDRED TRANSITIONAL CARE AND REHABILITATION CENTER-VANCOUVER,<br><br>          Defendant. | CASE NO. C13-5697 BHS<br><br>ORDER RE: PROPOSED DISCOVERY PLAN |

This matter comes before the Court on the parties' proposed discovery plan. (Dkt. 24).

On December 24, 2013, the Court granted in part and denied in part Defendant Kindred Nursing Centers West, LLC, d/b/a Kindred Transitional Care and Rehabilitation Center-Vancouver's ("Kindred") motion to stay proceedings and compel alternative dispute resolution (Dkt. 12), granted Plaintiff Peggy Moxley's ("Moxley") request for limited discovery, and ordered the parties to submit a proposed discovery plan. Dkt. 23.

ORDER - 1

The sole remaining issue is whether Moxley signed the alternative dispute resolution agreement on November 23, 2011. *Id.* On February 3, 2014, the parties filed the instant discovery plan with objections to certain discovery requests. Dkt. 24.

Under the Federal Rules of Civil Procedure, a party is entitled to discovery on any nonprivileged matter that is relevant to any party's claim or defense. Fed. R. Civ. P. 26(b)(1). "Relevant information need not be admissible at the trial if the discovery appears reasonably calculated to lead to the discovery of admissible evidence." *Id.*

In this case, Kindred objects to some of Moxley's proposed discovery requests. First, Kindred objects to Moxley's proposed Interrogatories 5 & 6. Dkt. 24 at 2–3. Interrogatory 5 requests that Kindred "describe each such person's qualifications for assigned duties in admission procedure," and Interrogatroy 6 requests that Kindred "describe the training each such person received regarding the admissions procedure." *Id.* at 17. The Court finds that these request are reasonably calculated to lead to the discovery of relevant information on the issue of whether Moxley was given and signed the disputed agreement on the date in question. Therefore, the Court orders Kindred to respond to these interrogatories.

Second, Kindred objects to Moxley's Requests for Production 1, 2, and 3. Dkt. 24 at 3–4. Kindred's objection is based on its position that Moxley's requests cover nursing and clinical policies and procedures. *Id.* Moxley, however, concedes that she is only requesting admission policies and that the requests do not cover the "clinical and nursing components" of the admission process. Therefore, the Court finds this issue moot.

1      Finally, Kindred objects to Moxley's request to depose Kindred's Executive

2 Director. *Id*. at 5.  Kindred proposes that

> the depositions be limited to that of Tammie Longpre and [Moxley]. If in those depositions, other relevant witnesses are identified who may be able to testify as to the date on which the ADR Agreement was signed, then the parties can agree to further depositions, or move for an Order to take those depositions.

*Id*. at 5.  The Court finds that this is a reasonable proposal and, at this time, orders that only these two depositions may be conducted.  Therefore, the Court grants in part and denies in part the proposed discovery as stated herein.

**IT IS SO ORDERED.**

Dated this 21st day of February, 2014.

                           BENJAMIN H. SETTLE
                           United States District Judge