UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
AT TACOMA

| | |
|---|---|
| PEGGY A. MOXLEY,<br><br>          Plaintiff,<br><br>   v.<br><br>KINDRED NURSING CENTERS WEST, LLC, d/b/a KINDRED TRANSITIONAL CARE AND REHABILITATION CENTER-VANCOUVER,<br><br>          Defendant. | CASE NO. C13-5697 BHS<br><br>ORDER GRANTING DEFENDANT'S MOTION |

This matter comes before the Court on Defendant Kindred Nursing Centers West, LLC, d/b/a Kindred Transitional Care and Rehabilitation Center-Vancouver's ("Kindred") motion for summary judgment and renewed motion to stay proceedings and compel alternative dispute resolution (Dkt. 26). The Court has considered the pleadings filed in support of and in opposition to the motion and the remainder of the file and hereby grants the motion for the reasons stated herein.

ORDER - 1

# I. PROCEDURAL HISTORY

On July 18, 2013, Plaintiff Peggy Moxley ("Moxley") filed a complaint against Kindred in Clark County Superior Court for the State of Washington. Dkt. 1, ¶ 1. Moxley asserts causes of action for negligence and a violation of Washington's Abuse of Vulnerable Adults Act ("AVA"), RCW Chapter 74.34. *Id*. Exh. 2.

On August 15, 2013, Kindred removed the matter to this Court. Dkt. 1.

On November 14, 2013, Kindred filed a motion to stay proceedings and compel alternative dispute resolution ("ADR"). Dkt. 12. On December 24, 2013, the Court granted the motion in part and denied it in part. Dkt. 23. The Court concluded that there was a question of fact whether Moxley actually signed the ADR agreement and allowed limited discovery on this issue. *Id*.

On June 10, 2014, Kindred filed the instant motion requesting that the Court enter judgment that Moxley signed the agreement and enforce arbitration pursuant to the terms of the agreement. Dkt. 26. On June 27, 2014, Moxley responded. Dkt. 28. On July 9, 2014, Kindred replied. Dkt. 32.

# II. DISCUSSION

**A.     Summary Judgment Standard**

Summary judgment is proper only if the pleadings, the discovery and disclosure materials on file, and any affidavits show that there is no genuine issue as to any material fact and that the movant is entitled to judgment as a matter of law. Fed. R. Civ. P. 56(c). The moving party is entitled to judgment as a matter of law when the nonmoving party fails to make a sufficient showing on an essential element of a claim in the case on which

the nonmoving party has the burden of proof. *Celotex Corp. v. Catrett*, 477 U.S. 317, 323 (1986). There is no genuine issue of fact for trial where the record, taken as a whole, could not lead a rational trier of fact to find for the nonmoving party. *Matsushita Elec. Indus. Co. v. Zenith Radio Corp.*, 475 U.S. 574, 586 (1986) (nonmoving party must present specific, significant probative evidence, not simply "some metaphysical doubt"). *See also* Fed. R. Civ. P. 56(e). Conversely, a genuine dispute over a material fact exists if there is sufficient evidence supporting the claimed factual dispute, requiring a judge or jury to resolve the differing versions of the truth. *Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 253 (1986); *T.W. Elec. Serv., Inc. v. Pac. Elec. Contractors Ass'n*, 809 F.2d 626, 630 (9th Cir. 1987).

      The determination of the existence of a material fact is often a close question. The Court must consider the substantive evidentiary burden that the nonmoving party must meet at trial – e.g., a preponderance of the evidence in most civil cases. *Anderson*, 477 U.S. at 254; *T.W. Elec. Serv., Inc.*, 809 F.2d at 630. The Court must resolve any factual issues of controversy in favor of the nonmoving party only when the facts specifically attested by that party contradict facts specifically attested by the moving party. The nonmoving party may not merely state that it will discredit the moving party's evidence at trial, in the hopes that evidence can be developed at trial to support the claim. *T.W. Elec. Serv., Inc.*, 809 F.2d at 630 (relying on *Anderson*, 477 U.S. at 255). Conclusory, nonspecific statements in affidavits are not sufficient, and missing facts will not be presumed. *Lujan v. Nat'l Wildlife Fed'n*, 497 U.S. 871, 888-89 (1990).

B.   **Kindred's Motion**

In this case, Kindred argues that there is no material dispute of fact whether Moxley signed the ADR agreement. Dkt. 26 at 7–12. The Court agrees. While Moxley attempts to create a dispute of fact that she did not sign the document on the date that appears on the document, she fails to submit evidence to create a question of fact whether she actually signed the document. Moreover, the argument that Kindred failed to follow its own rules of explaining the documents to Moxley is of no legal significance. Therefore, the Court grants Kindred's motion on the issue of whether the ADR agreement is enforceable. Based on that conclusion, the Court also grants Kindred's motion to enforce the agreement, compel arbitration, and stay this matter.

### III. ORDER

Therefore, it is hereby **ORDERED** that Kindred's motion for summary judgment and renewed motion to stay proceedings and compel alternative dispute resolution (Dkt. 26) is **GRANTED**. The Clerk shall administratively close this matter pending arbitration. The parties **SHALL** notify the Court within a reasonable time after the completion of arbitration.

Dated this 31st day of July, 2014.

BENJAMIN H. SETTLE
United States District Judge